May it please the Court, my name is Amy Nguyen, and I represent the appellant, Joel Patrick Kenney. And I would like to reserve two minutes for rebuttal. First, contrary to the lower court's ruling, Mr. Kenney did file his habeas petition in a timely manner and within the one-year statute of limitations imposed by the AEDPA. And as such, the lower court should have reached the merits of his claims. Tell me if I've got something right about the timing. It looked to me as though he filed the state post-conviction relief petition September 18, 1997, and it was denied with finality February 15, 2001. So that period of three and a half years is out. His final conviction, his conviction had become final February 3 of 1997. Am I right so far? That's correct. And it looks like his Federal petition was not filed until February 7, 2002, almost a year, one week short of a year, after his State petition was denied with finality. Is that right? That's correct, Your Honor. The one clarification I would like to make is the state has argued is that the tolling period does not begin at the filing of the notice of post-conviction relief. And that notice, there is an issue in this case, whether that began November 20 or, excuse me, November 14th of 1996, February 25th of 1997, or when the petition was actually filed on September 18th of 1997. It is appellant's position that it's when the notice of post-conviction relief is filed, not the actual petition itself. And that is in accord with the Arizona Rules of Criminal Procedure, Rule 32.4, which says that you have to first file a notice of post-conviction relief. And that notice was filed several times by appellant in this case. But the one that we are arguing applies and actually started the tolling of the statute of limitations was on November 14th of 1996. That is also in accord with this Court's rulings in Nino v. Galazza. I thought that 961 didn't even matter because he hadn't he didn't have a final conviction yet. Well, Your Honor, it is our position that when that is filed, the tolling period technically will not start, that is correct, until actually the conviction and sentence became final on February 3rd. So when that became final on February 3rd, there was already a petition for post-conviction proceedings initiated, which under Arizona law, Arizona law does not prevent both having a direct appeal and a petition for post-conviction relief filed at the same time. So that was already filed. So when his conviction and sentence became final on February 3rd of 1997, then there was no tolling period because a petition for post-conviction relief was already pending at that time. And that is really the crux of the issue here. The State and the lower court found that the notice of post-conviction relief was not filed until February 25th of 1997. In fact, the lower court, although it did not specifically rule whether it was the notice or the actual petition that starts the tolling period under the AEDPA, it went ahead and went with the notice and assumed it's the notice, and I think that is in accord with the case law because you do look at the State procedures. So really, the period that we're looking at is from the time that his conviction and sentence became final on February 3rd of 1997 up until the notice was filed. So the issue is when the notice, is the notice filed November 14th of 1996 or what the State and lower court held of February 25th of 1997. And it is appellant's position that it's the November 14th, 1996. The difference between those two periods is one court order, and that court order was issued on January 30th of 1997. And in order to get into that, I would like to explain very briefly and as efficiently as I can the procedural history leading up to that court order. Breyer. So before his conviction became final in February of 97, he was told in January of 97, this thing that you filed is a nullity. You filed it too soon. No, that's incorrect. Well, they dismissed it, right? It was dismissed pursuant to a court order on January 30th, but the issue is what petition for post-conviction relief was dismissed. The State had filed the procedural histories the State had filed once the post-conviction proceedings were reinstated on November 14th. And they were reinstated because there was a previous notice filed on February 3rd of 1996. Well, then there was a motion filed saying please dismiss this notice. His appeals we would like to wait for his appeal to be finished. And that was actually dismissed in February 1996 by the court. Well, then the post-conviction proceedings were reinstated on by the court on November 14th, 1997. At that time, presumably, the State did not receive notice of the dismissal because the State filed a subsequent supplement to their motion to dismiss. Even though the court had already dismissed the previous one and reinstated it. So what the court did in that order is denied, and this is the November 14th, 1996 order, denied the State's motion as moot, saying I already dismissed this one. I'm reinstating post-conviction proceedings. But after that order, the State filed a supplement. And the State in that supplement, the State specifically said the State's motion and this is ER 37 in the record, the State's motion to dismiss post-conviction relief proceedings filed on November 12th, 1996 addressed defendant's second notice of post-conviction relief filed on February 6th, 1996. So what the State was asking was to dismiss the notice of February 6th, 1996, which had already been dismissed. So the only thing we can assume from that is that the State hadn't received notice of that dismissal. I don't see why that's the only thing that we can assume. To me, the more obvious explanation is the court did everything fine, everything went out fine, and some file clerk didn't put it in the right file in the State Attorney General's office, or the assistant working on the case didn't look carefully at the file. There are all kinds of explanations. Well, correct, Your Honor. I stand corrected. What is reasonable to presume from that is the State, if the State had received the notice and known that the previous notice of post-conviction relief had, in fact, been dismissed already, it would not have filed a supplement asking the court to file a -- That's what I was just dealing with. They would indeed file a supplement if the person who was assigned to write the supplement didn't know that his office had already received a victory. Correct. That it was already dismissed. And that -- but the supplement specifically cites the February 6th, 1996 notice of post-conviction relief, which had already been dismissed. And that's what the court was responding to in its January 30th order in 1997. The court's order says in response to the State's supplement to motion to dismiss, we are dismissing the petition, the notice of post-conviction relief. But that motion was only asking for dismissal of the February 6th notice, not the reinstatement, which occurred on November 14th. That matter. The point being that the court never dismissed the notice that was filed on November 14th, 1996, when it issued its order on January 30th. It was rather issuing the order in response to the State's motion, and that was to dismiss the February 6th, 1996 notice. Well, if you read the court's order, though, on January 30th, it says the defendant may file another notice within 30 days of the order and mandate in his pending direct appeal. In other words, after the mandate issue, the 30 days, they could file another notice, which is what he did. And that's another point to make, Your Honors, because when the State filed its supplement, the State said that we are requesting this dismissal without prejudice so the defendant can refile another notice within 30 days of the order and mandate. Well, the order and mandate had already issued back in November of 1996. So when the court was ruling on this on January 30th, the court is looking at this supplement, which does not have accurate information presented by the State. The order and mandate had already issued at that time. And the court was looking at information dismissing the February 6th, 1996 notice. So it boils down to the fact that at the time that this order came down on January 30th of 1997, the court is assuming that the order and mandate hadn't been issued already, which it had, and it's also referring in response to the State supplement, which is a completely different notice. So at that time, you still had the reinstatement of postconviction proceedings on November 14th. So when the sentence and conviction became final on February 3rd, that petition was still the notice of postconviction relief was still pending. The court was not addressing that one. The other reasons, the other reasons that that ---- Go ahead and wind it up because your time just ran out. Thank you, Judge. For those reasons, we would ask that you reverse the lower court's ruling and find that the petition was timely filed and the alternative, find that the equitable ---- this time should be equitably told, given the extraordinary circumstances surrounding the time. Thank you. Thank you, counsel. May it please the Court. My name is Amy Cain. I represent the Arizona Attorney General's Office for the Respondents in this case. Mr. Kenney here filed his petition outside the statute of limitations, and he's not entitled to any equitable tolling. To make this very simple for the Court, I'm going to start with the easiest statute of limitation dates, and that those dates are February 15th of 2001 when the Arizona Supreme Court denied review of Mr. Kenney's Rule 32 proceedings. I couldn't hear you. On February ---- You said 2001, and then your voice trailed off. I just couldn't hear. I'm sorry. 2001 when the Arizona Supreme Court denied Mr. Kenney's Rule 32 proceedings, and February 7th of 2002 when Mr. Kenney filed his habeas petition. Those dates equal 357 days, leaving Mr. Kenney only eight additional days in which to file his ---- his petition. In this case, what happened was Mr. Kenney was resentenced on January 14th of 1997, and his deadline to file a notice of appeal on that resentencing ran on February 3rd of 1997. On February 25th of 1997, Mr. Kenney filed his notice of post-conviction relief. And you can note that in Mr. Kenney's habeas petition, this is the date he uses as the date that he filed his actual notice. The days between February 3rd of 1997 and February 25th of 1997 equal 22 days. The 357 days, which Mr. Kenney does not contest, and the 22 days in between those two dates, February 3rd, 1997, and February 25th, 1997, equals 379 days, which means that Mr. Kenney missed his filing period by 14 days. And that's as simple as this case is. Mr. Kenney is not entitled to any equitable tolling in this case either because any confusion here, he's the major argument is Mr. Kenney was confused about those dates from February 3rd, 1997 to February 25th of 1997. But if that confusion existed, why wait so long on the back end to file a petition? Instead, take those 22 confusing dates, as Mr. Kenney calls them, away from the calculation and file the petition with 343 days left to file. And that way, you say Mr. Kenney's petition is timely filed, and you don't even have to go into any kind of confusion of the issues. However, the State submits there is absolutely no confusion here. Unless this Court has any questions. Thank you. Roberts. Thank you, counsel. Kennedy v. Stewart is submitted.
judges: Hug, Kleinfeld, Paez